DATO, J.
*333 The Imperial County District Attorney filed an information charging Michael Brooks with unlawful possession of ammunition ( Pen. Code [1] , § 30305, subd. (a)(1) ) (count 1); possession of controlled substance paraphernalia ( Health & Saf. Code, § 11364, subd. (a) ) (count 2); and possession of a controlled substance ( Health & Saf. Code, § 11377, subd. (a) (count 3)). As to count one, the information alleged that Brooks was prohibited from possessing a firearm as a result of a number of prior convictions.
After a preliminary hearing, Brooks entered into a plea agreement in which he pled no contest to count 1 and admitted one prison prior. The remaining counts and allegations were dismissed. Brooks agreed to a sentence of three years for the conviction plus one year for the prison prior, with the sentence to be suspended and Brooks to be placed on formal probation for three years. The terms of probation included serving one year in local custody and a "Fourth Amendment waiver."
The court's sentencing order set forth 29 terms of probation that were recommended in the probation officer's report. Brooks challenges three of those probation terms on appeal. He contends (1) the term requiring him to "participate in a counseling/educational program as directed by the probation officer" improperly delegates judicial decision-making power to the probation officer and is unconstitutionally vague, (2) the term requiring him to "follow all standard terms of probation" fails to provide the notice required by due process and is unconstitutionally vague, and (3) the court erred in imposing the term requiring him to pay a drug testing fee under a county ordinance and Section 1203.1ab because Section 1203.1ab does not apply to his conviction of unlawful possession of ammunition. We agree with Brooks's contentions.
FACTUAL AND PROCEDURAL BACKGROUND[2]
On February 17, 2016, while Brooks was on Post-Release Community Supervision, an Imperial County deputy sheriff conducted a probation check on Brooks's mobile home. The deputy found white powder in the bedroom on *334 a nightstand and in a closet. The powder field-tested presumptively positive for methamphetamine. A backpack found in the closet contained three unspent .9 millimeter rounds of ammunition.
The deputy searched a closet in the hallway of the mobile home and found two safes. Inside one of the safes were six *90 hypodermic needles containing a clear liquid that tested positive for methamphetamine. There was a B.B. gun and more methamphetamine inside the other safe. The deputy also found a type of glass pipe commonly used for smoking methamphetamine in a drawer in the bedroom.
Brooks' written plea agreement included the following language: "(Appeal rights) I give up my right to appeal ... any sentence stipulated herein." Brooks's stipulated sentence under the agreement provided for formal probation for three years. The agreement also included the following " Harvey waiver":[3] "The sentencing judge may consider my prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation, ordering restitution or imposing sentence." Brooks filed his notice of appeal without obtaining a certificate of probable cause under Section 1237.5.[4]
DISCUSSION
1.-2.**
3. The Requirement to Follow "All Standard Terms" of Probation
Probation term No. 9 states: "Defendant shall follow all standard terms of probation and reasonable orders of the probation officer." Brooks claims the first clause imposing "standard terms of probation" is unconstitutionally vague and fails to provide the notice required by due process.
*335 We agree the language Brooks challenges is vague as to whether there are undisclosed "standard terms of probation" that the court did not articulate but that Brooks is expected to follow.[6] We note that the court is empowered to impose "reasonable conditions, as it may determine are fitting and proper to the end that justice may be done ... and generally and specifically for the reformation and rehabilitation of the probationer." (§ 1203.1, subd. (j).) Thus, any "standard terms of probation" imposed on Brooks are necessarily limited to those the court has determined to be "fitting and proper" in this case. The court's directive to "follow all standard terms of probation" (italics added) cannot be deemed to impose additional, unexpressed conditions. As noted, the probation officer recommended a comprehensive list of 28 terms of probation (excluding the general directive to "follow all standard terms") and the court imposed all 28, implicitly and necessarily finding them to be *91 fitting and proper in Brooks's present case. The court's additional directive to follow "all standard terms of probation" was superfluous in light of the court's imposition of a thorough and exhaustive set of specific "standard terms" that the court determined to be appropriate. Accordingly, we will strike that condition from the sentencing order.
4. Drug Testing Fee
Probation term No. 27 requires Brooks "to pay drug-testing fee in the amount of $7.00 per test" under a county ordinance and Section 1203.1ab.[7] Section 1203.1ab provides: "Upon conviction of any offense involving the unlawful possession, use, sale, or other furnishing of any controlled substance, as defined in Chapter 2 (commencing with Section 11053 ) of Division 10 of the Health and Safety Code, in addition to any or all of the terms of imprisonment, fine, and other reasonable conditions specified in or permitted by Section 1203.1, unless it makes a finding that this condition would not serve the interests of justice, the court, when recommended by the probation officer, shall require as a condition of probation that the defendant shall not use or be under the influence of any controlled substance and shall submit to drug and substance abuse testing as directed by the probation officer. If the defendant is required to submit to testing and has the financial ability to pay *336 all or part of the costs associated with that testing, the court shall order the defendant to pay a reasonable fee, which shall not exceed the actual cost of the testing."
Brooks contends the court erred in imposing this term because unlawful possession of ammunition is not one of the offenses specified in Section 1203.1ab for which a drug testing fee may be imposed. The People argue that because methamphetamine was found in Brooks's home where the ammunition was located, his conviction of the ammunition offense "involved" a controlled substance within the meaning of Section 1203.1ab and the drug testing fee was therefore a proper probation term. The People additionally argue that Brooks's Harvey waiver allowed the court to consider the underlying facts of the dismissed drug possession charges, noting that Brooks expressly agreed "[t]he sentencing judge may consider my prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation, ordering restitution or imposing sentence."
"In construing a statute, a court's objective is to ascertain and effectuate legislative intent. [Citation.] To determine legislative intent, a court begins with the words of the statute, because they generally provide the most reliable indicator of legislative intent." ( Hsu v. Abbara (1995) 9 Cal.4th 863, 871, 39 Cal.Rptr.2d 824, 891 P.2d 804.) "If the statutory language is clear and unambiguous our inquiry ends. 'If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs.' [Citations.] In reading statutes, we are mindful that words are to be given their plain and commonsense meaning. [Citation.] ... Only when the statute's language is ambiguous or susceptible of more than one reasonable interpretation, may *92 the court turn to extrinsic aids to assist in interpretation." ( Murphy v. Kenneth Cole Productions, Inc. (2007) 40 Cal.4th 1094, 1103, 56 Cal.Rptr.3d 880, 155 P.3d 284.)
We conclude that the plain meaning of Section 1203.1ab authorizes imposition of a drug testing fee only when the probationer has been convicted of a drug-related offense. The statute authorizes imposition of the fee "[u]pon conviction of any offense involving the unlawful possession, use, sale, or other furnishing of any controlled substance." Given Brooks's Harvey waiver, the court could consider the dismissed drug offenses in ordering probation terms, and properly did so. For example, the court ordered Brooks to abstain from drug and alcohol use, to submit to drug and alcohol testing, and to not associate with known users or sellers of narcotics. However, under Section 1203.1ab, the court was authorized to impose the drug testing fee only for a conviction involving a controlled substance. Although the scope of Brooks's overall case and probation involved both unlawful possession of controlled substances and unlawful *337 possession of ammunition, his sole conviction was for possession of ammunition, and that offense does not have any substantial nexus to the controlled substances.[8] Because Brooks was not convicted of any offense involving a controlled substance, the court was not authorized to impose the drug testing fee under Section 1203.1ab and the probation term ordering payment of that fee must be stricken.
DISPOSITION
The judgment is modified as follows: Probation term No. 9 and probation term No. 27 are stricken from sentencing order dated August 17, 2016. Probation term No. 3 in the sentencing order is modified to state: "Defendant shall participate in a drug and alcohol counseling/educational program as directed by the probation officer and not terminate said participation without the mutual consent of the probation officer and the program director." The judgment is affirmed as modified.
WE CONCUR:
HUFFMAN, Acting P.J.
HALLER, J.

All statutory references are to the Penal Code unless otherwise specified.

Brooks stipulated to the preliminary hearing transcript as the factual basis for his no contest plea.

A Harvey waiver is a defendant's agreement, as part of a plea bargain, to allow the sentencing court to consider facts supporting dismissed counts. (See generally People v. Harvey (1979) 25 Cal.3d 754, 758, 159 Cal.Rptr. 696, 602 P.2d 396.) Harvey prohibits the court from considering dismissed counts absent the defendant's consent. (People v. Munoz (2007) 155 Cal.App.4th 160, 166-167, 65 Cal.Rptr.3d 815.)

Section 1273.5 provides in relevant part that "[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere ... except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

See footnote *, ante.

At the sentencing hearing, Brooks's counsel stated that his only objection to this probation term was that "I don't know what it means." The court responded, "I always wondered about that, what does that mean[?] How does somebody violate that? I'll ask probation to print out the list of what the standard terms and conditions are, reasonable orders are. I take your point."

The sentencing order erroneously identified Section 1203.1ab as "1203.1b(a)PC." Both parties represent that the county ordinance referenced in term No. 27 provides: "Pursuant to [Section] 1203.1ab, the county of Imperial establishes a drug testing fee of seven dollars ($7.00) per test. However, pursuant to statute, this amount may be adjusted by the probation department based on ability to pay."

Thus, this is not like a case where a defendant commits a theft or robbery and drugs are the object of the crime.