Filed 2/9/24  P. v. Gibbs CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B329530 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA079441) |
| v. | |
| DWIGHT ANTWAN GIBBS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed and remanded with directions.

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield and Stefanie Yee, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Dwight Antwan Gibbs appeals from an order awarding victim restitution. He contends, the People concede, and we agree the abstract of judgment should be modified to reflect that he and his codefendant Dawuan Javonya Washington are jointly and severally liable for the victim restitution awards against them. We remand with directions for the trial court to correct the abstract of judgment to reflect that Gibbs and Washington are jointly and severally liable for the victim restitution awards.

## FACTUAL AND PROCEDURAL BACKGROUND

In the early morning of July 14, 2020 Washington drove Gibbs and Amya Malbrue to a check cashing store. Gibbs exited the vehicle and approached Lyonell Henson as Henson walked out the store. Gibbs pointed a semi-automatic firearm at Henson and demanded Henson's wallet. Henson refused, and he and Gibbs engaged in a struggle. Gibbs shot Henson during the struggle and took Henson's money.

The next morning Gibbs and Washington drove in the same vehicle and followed Malbrue and Malbrue's friend, Samahjzea Golden, who were driving from a pharmacy to a gas station. Gibbs and Washington got out of their vehicle and approached Golden's vehicle. Gibbs tried to open the car door on the passenger side, but the door was locked. Gibbs yelled to Washington, "Shoot the bitch. Shoot. Shoot. Shoot." Washington fired five shots at Golden. Following the shooting, Gibbs reached through the broken driver's side window and grabbed Golden's purse and jewelry.

The operative fifth amended information charged Gibbs and Washington with the attempted willful, deliberate, and

premeditated murder of Golden (count 1; Pen. Code,[1] §§ 187, subd. (a), 664); assault upon Golden with a firearm (count 2; § 245, subd. (b)); second degree robbery of Golden (count 3; § 211); shooting at an occupied vehicle (count 4; § 246); unlawful possession of ammunition by Gibbs (count 7; § 30305, subd. (a)(1)); attempted murder of Henson by Gibbs (count 8; §§ 187, subd. (a), 664); second degree robbery of Henson (count 9; § 211); assault upon Henson with a firearm (count 10; § 245, subd. (b)); Gibbs's possession of a firearm by a felon (count 11; § 29800, subd. (a)(1)); conspiracy to commit robbery of Henson (count 13; §§ 182, subd. (a)(1), 211); and conspiracy to commit robbery of Golden (count 15; §§ 182, subd. (a)(1), 211).

Pursuant to a negotiated plea, Gibbs pleaded no contest to the attempted second degree murders of Golden and Henson (counts 1 and 8). As to count 8, Gibbs admitted he suffered a prior strike conviction in May 2020 for robbery under the three strikes law. (§ 667, subds. (b)-(j), 1170.12.) Gibbs also admitted as to count 8 that he personally used and intentionally discharged a firearm (§ 12052.53, subd. (c)), and that he inflicted great bodily injury upon Henson (§ 12022.7, subd. (a)).

Prior to sentencing, the trial court noted that Gibbs had given a *Harvey* waiver.[2] Pursuant to the negotiated plea, the

---

[1]     Further statutory references are to the Penal Code.

[2]     In *People v. Harvey* (1979) 25 Cal.3d 754, 758, the Supreme Court held that a trial court may not impose any adverse sentencing consequences on a defendant as a result of a negotiated plea based on dismissed counts absent an agreement by the defendant. (See *People v. Brooks* (2017) 15 Cal.App.5th 331, 334, fn 3 ["A *Harvey* waiver is a defendant's agreement, as part of a plea bargain, to allow the sentencing court to consider

court sentenced Gibbs to an aggregate term of 41 years in state prison.  On count 8, the court imposed nine years for the attempted murder of Henson (count 8), doubled to 18 years under the three strikes law (§§ 667, subds. (b)-(i), 1170.12 (c)(1)), plus three years for inflicting great bodily injury (§ 12022.7, subd. (a)) and 20 years for personally and intentionally discharging a firearm (§ 12022.53, subd. (c)).  On count 1, the court sentenced Gibbs to a concurrent term of nine years for the attempted murder of Golden.  At the People's request, the court dismissed all remaining counts and special allegations under section 1385.

At a later restitution hearing, Gibbs and Washington, through their attorneys, stipulated that the restitution amount owed to Henson was $5,960, which represented Henson's out-of-pocket expenses.  The trial court did not orally pronounce that Washington and Gibbs were jointly and severally liable for the restitution award.  Nor did the minute order reflect that Gibbs and Washington were jointly and severally liable for the victim restitution award.  The restitution hearing was taken off calendar without prejudice with respect to Golden.

Gibbs timely appealed.

## DISCUSSION

"Under the California Constitution, as amended in 1982 by Proposition 8 (commonly known as The Victims' Bill of Rights),

---

facts supporting dismissed counts."]; *People v. Weatherton* (2015) 238 Cal.App.4th 676, 678 ["facts underlying charges dismissed as part of a negotiated plea may not, absent contrary agreement by the defendant (now called a *Harvey* waiver), be used to impose adverse sentencing consequences"].)

4

every crime victim has a right to be compensated by the defendant for losses incurred as a result of the defendant's crime. (Cal. Const., art. I, § 28, subd. (b)(13).)" (*People v. Martinez* (2017) 2 Cal.5th 1093, 1100.) With exceptions not relevant here, section 1202.4, subdivision (f), provides that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court."

"[S]ection 1202.4, subdivision (f) 'does not expressly authorize joint and several liability restitution orders, neither does its provision prohibit such orders.'" (*People v. Madrana* (1997) 55 Cal.App.4th 1044, 1051.) The trial court has discretion to hold codefendants jointly and severally liable for the victim restitution award. (*People v. Leon* (2004) 124 Cal.App.4th 620, 622 ["[I]f two defendants convicted of the same crime caused a victim to suffer economic loss, a court may impose liability on each defendant to pay the full amount of the economic loss, as long as the victim does not obtain a double recovery."]; see *People v. Selivanov* (2016) 5 Cal.App.5th 726, 786 ["A defendant may be held jointly and severally liable for losses for which a codefendant bears more culpability [citation], but the criminal conduct of which the defendant was convicted must be at least a substantial factor in causing the victim's loss."].)

An abstract of judgment may be modified to reflect that "the victim restitution order is a joint and several obligation." (*People v. Cornejo* (2016) 3 Cal.App.5th 36, 63; accord, *People v. Neely* (2009) 176 Cal.App.4th 787, 800 [ordering "modification of the judgment to expressly state that the restitution order is joint

5

and several as to" defendant and codefendant]; *People v. Samaniego* (2009) 172 Cal.App.4th 1148, 1183 ["the abstract of judgment must be corrected to reflect the trial court's oral pronouncement of judgment that the victim restitution is imposed jointly and severally upon all three appellants"]; *People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1535-1536 [to avoid double recovery, Court of Appeal modified judgment "to provide expressly that the direct victim restitution ordered is joint and several"].)

As discussed, Gibbs was convicted of the attempted murder of Golden and Henson, and Washington was convicted of the attempted murder of Golden and robbery of Henson. Both Gibbs and Washington gave *Harvey* waivers and were ordered to pay victim restitution. Gibbs and Washington later stipulated that they owed $5,960 in restitution to Henson. The People concede that to prevent double recovery, the abstract of judgment should be modified to reflect that Gibbs and Washington are jointly and severally liable for the victim restitution awards. The People explain, "Although the court's oral pronouncement and minute order do not specify that the restitution obligation is joint and several, it is clear that the trial court intended that the sum owed to Henson be $5,960.00." In light of the People's concession, we order the abstract of judgment modified to reflect that Gibbs and Washington are jointly and severally liable to Henson and Golden for restitution.

## DISPOSITION

The judgment is affirmed. The matter is remanded with directions for the trial court to correct the abstract of judgment to

reflect that Gibbs and Washington are jointly and severally liable for the victim restitution awards. The trial court is directed to forward the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


                                                 FEUER, J.

We concur:


      SEGAL, Acting P. J.


      MARTINEZ, J.