Filed 2/27/24  P. v. Brogdon CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DAVID BROGDON,<br><br>        Defendant and Appellant. | A167875<br><br>(Lake County<br>Super. Ct. No. CR965834) |

Pursuant to a plea agreement, defendant David Brogdon pleaded no contest to assault with a firearm (Pen. Code, § 245, subd. (a)(2))[1] and admitted he personally inflicted great bodily injury (§ 12022.7, subd. (a)). The trial court declined to grant probation and sentenced defendant to five years in prison.  On appeal, defendant argues the trial court erred in concluding he was presumptively ineligible for probation and, therefore, the matter should be remanded for a new sentencing hearing.  We affirm.

---

[1] Further undesignated statutory references are to the Penal Code.

1

## BACKGROUND[2]

On September 24, 2022, police received a report of a shooting at a gas station in Clearlake, California. Surveillance footage depicted the shooting victim riding a bicycle into the parking lot of the gas station and stopping near a group of three people. One of the people in the group then fired multiple shots from a handgun at the victim as he rode away.

The victim was taken to the hospital where he was treated for a gunshot wound to his leg. At the hospital, police interviewed the victim, who explained that he was riding his bicycle when the shooter asked him "why he was 'riding up on them.'" The victim told the shooter that he did not want any trouble. The shooter stated he was an active gang member and then reached into his jacket. Believing that the shooter might have a weapon, the victim started riding away. As he rode away, the victim heard gunshots, including a round "'fly by'" his head, before feeling pain in his leg. The victim later identified defendant as the person who shot him.

On November 16, police also received reports of separate incidents in which defendant made multiple death threats to another victim (a minor) both in person and while broadcasting himself live on Instagram. While on Instagram live, defendant held up a gun to the screen. Defendant also

---

[2] We, like the parties, rely on the presentencing probation report for the facts concerning defendant's offense. The probation report was transmitted to this court as a confidential record. We interpret defendant's reliance on it in his brief, which he filed without redactions or a sealing request, as a waiver of the confidentiality of the report. (See Cal. Rules of Court, rule 8.47(c)(1) [publicly-filed documents may not "disclose material contained in a confidential record, including a record that, by law, a party may choose be kept confidential in reviewing court proceedings *and that the party has chosen to keep confidential*," italics added] (further rule references are to the California Rules of Court); see also rule 8.47(c)(2) [to maintain confidentiality, a party may file a motion to file a document under seal].)

allegedly hit the victim and told the victim that he had " 'jumped [the victim] in.' " When the victim told defendant he did not want to be in the gang, defendant said he knew where the victim lived, would put the victim " 'in a body bag' " and " 'shoot [his] house up' " if he backed out, and sent the victim images of his house from Google Maps.

On January 11, 2023, the district attorney filed a complaint charging defendant with assault with a firearm (§ 245, subd. (a)(2); count one); discharging a firearm in a grossly negligent manner (§ 246.3, subd. (a); count two); criminal threats (§ 422; count three); misdemeanor battery (§ 242; count four); and unlawful possession of a firearm by a minor (§ 29610; count five). The complaint also alleged that defendant used a firearm as to count one (§ 12022.5); and that he personally inflicted great bodily injury (§ 12022.7, subd. (a)) as to counts one and two.

Although defendant was a minor at the time of the offenses, he turned 18 years old before he was charged, and so his case was transferred from juvenile court to adult criminal court.

On February 1, the district attorney filed an information charging defendant with the same offenses and alleging the same enhancements as those in the complaint.

On February 7, pursuant to a plea agreement, defendant pleaded no contest to assault with a firearm as charged in count one and admitted the great bodily injury enhancement allegation under 12022.7, subdivision (a). In exchange, the People dismissed the remaining counts and allegations with *Harvey* waivers,[3] and would recommend a sentence of not more than five

---

[3] In *People v. Harvey* (1979) 25 Cal.3d 754, 758 (*Harvey*), the Supreme Court held that a trial court may not impose any adverse sentencing consequences on a defendant as a result of a negotiated plea based on

years in state prison—the low-term of two years for the assault, plus three years for the great bodily injury enhancement. On his plea form, defendant acknowledged he understood he would not be granted probation unless the court were to find at sentencing "that this is an unusual case where the interests of justice would be best served by granting probation."

On March 14, the court held the sentencing hearing, prior to which the probation department submitted its presentence report. The report summarized defendant's prior juvenile delinquency record, and noted he had been placed on probation about a year before the date of the report. Defendant's performance on probation was poor, as he failed to enroll in mental health and substance abuse counseling, check in with probation as required, and respond to attempts to contact him. He "completed his term of probation unsuccessfully" ten days before he committed the assault in this case.

The probation department concluded that pursuant to section 1203, subdivision (e)(3) (section 1203(e)(3)), "defendant is presumptively ineligible for probation except in an unusual case, in that the defendant willfully inflicted great bodily injury." The probation department found no such unusual circumstances, pursuant to the factors in rule 4.413. The probation department additionally concluded that defendant was not a suitable candidate for probation based on the factors in rule 4.414. Finally, the probation department reviewed circumstances in aggravation and mitigation, before recommending against probation and in favor of a prison sentence for

---

dismissed counts absent an agreement by the defendant. (See *People v. Brooks* (2017) 15 Cal.App.5th 331, 334, fn. 3 ["A *Harvey* waiver is a defendant's agreement, as part of a plea bargain, to allow the sentencing court to consider facts supporting dismissed counts"].)

4

a term of five years.

At sentencing, the court noted it had reviewed the probation report as well as defendant's juvenile records.

The parties then argued whether the court should grant probation. The prosecutor contended the court should deny probation on the ground that defendant's case was not unusual. The prosecutor noted defendant's poor performance on probation as a juvenile and his violent behavior.

Defense counsel argued that defendant's case was unusual due to his youth at the time of the offense and the "transient and neglected lifestyle" in which he had spent his youth. Counsel admitted that defendant had "been an abject failure on juvenile probation," but highlighted his history of neglect by his mother and exposure to criminal activity growing up. Counsel further argued that defendant was a good candidate for probation because he had never been on adult probation before and could now appreciate the consequences of failing juvenile probation. Counsel added that defendant has a young son, had been living with his girlfriend, and was requesting for "a second chance on felony probation."

Following this argument, the court announced its decision, as follows:

"The primary question in this case is whether or not probation should be granted or not. . . . [T]here is a limitation on this Court granting probation because it's been found true that he personally inflicted great bodily injury on a human being. There is a restriction against granting probation. I can only grant it if this is an unusual case." The court then considered the factors set forth in rule 4.413, before concluding that the factors weighed against finding that this was an unusual case.

The court continued: "The standard probation criteria under 4.414 are also illuminating. The nature, seriousness, and circumstances of the crime

5

are as serious as other instances of the same crime. He was armed with a weapon. He did inflict physical injury to the victim. He was an active participant. This crime was not committed because of an unusual circumstance such as great provocation which is unlikely to recur. . . . The man he shot did not seriously provoke him. He was riding away trying to get away.

"The defendant's prior criminal conduct is recent and frequent and increasing in seriousness. His prior performance on juvenile probation was poor. The records show that he did little or nothing while on juvenile probation.

"His ability to comply with reasonable terms and conditions of probation is poor based in large part on what he's shown us in his juvenile probation. The likelihood he would be a danger to others if not imprisoned is substantial. He not only in this particular count fired several shots at this man as the man tried to escape, one of them whizzed by the man's head. This could easily be a murder case. He was struck in the leg.

"And as has been pointed out to me, there was a *Harvey* waiver on Count 3 I believe it was, the 422, criminal threats. . . . [T]his is a situation where the defendant told the minor that, 'You're either going to be in this gang or you're going to be in a body bag.' Threats don't get much worse than that. And he's threatening a child with that.

"I do accept that he's had a difficult childhood and a very difficult, if nonexistent, home life. But this is not an unusual case and probation will be denied."

Turning to the term of imprisonment, the court discussed various aggravating and mitigating circumstances. As aggravating factors, the court found that defendant engaged in violent conduct, his sustained petitions in

6

juvenile delinquency proceedings are numerous, and his prior performance on juvenile probation was unsatisfactory. As mitigating factors, the court found that defendant had no other adult criminal record, and he was a youthful offender. The court did not find that the aggravating factors outweighed those in mitigation.

Consistent with the plea agreement, the court sentenced defendant to an aggregate term of five years in state prison.

The minute order for the sentencing hearing states: "Probation is denied for the reasons stated in open court. The Court does not find that this is an unusual case. Even if the Court did find that this is an unusual case, the defendant does not appear to be a suitable candidate for probation."

This appeal followed.[4]

## DISCUSSION

Defendant contends the trial court misinterpreted section 1203(e)(3), which in turn led it to erroneously find he was presumptively ineligible for probation. He claims that the trial court thus abused its discretion in denying him probation. (See *People v. Aubrey* (1998) 65 Cal.App.4th 279, 282 [denial of probation reviewed for abuse of discretion]; see also *People v. Armstrong* (2019) 6 Cal.5th 735, 756 ["A court can abuse its discretion by applying an erroneous legal standard. . ."].)

The People contend that defendant has forfeited his appellate claim by failing to raise it at sentencing. Forfeiture aside, the People argue that the trial court correctly determined defendant was presumptively ineligible for

---

[4] We granted defendant's motion to (a) construe the notice of appeal as including the judgment date of March 14, 2023, rather than March 15, 2023 as mistakenly noted in the notice, and (b) amend the notice to check the box for 2(a)(1), which states, "This appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."

probation.  But assuming there was error, the People argue that remand is unnecessary because it is unlikely that the court would have imposed a different sentence in any event.

We agree with the People's last argument, and so we need not decide the issue of forfeiture or the correctness of the court's finding that defendant was presumptively ineligible for probation under section 1203(e)(3).

Section 1203(e) sets forth categories of persons to whom probation shall not be granted "[e]xcept in unusual cases in which the interests of justice would best be served if the person is granted probation . . . ."  In such a circumstance, a court determines whether the presumption against probation has been overcome pursuant to rule 4.413, which lists certain factors "indicat[ing] the existence of an unusual case."  (*People v. Stuart* (2007) 156 Cal.App.4th 165, 178.)  If a court determines the presumption is overcome, it evaluates whether to grant probation pursuant to the factors set forth in rule 4.414.  (*People v. Stuart, supra*, 156 Cal.App.4th at p. 178.)

Here, the trial court found defendant was presumptively ineligible for probation pursuant to section 1203(e)(3), which applies to "[a]ny person who willfully inflicted great bodily injury . . . in the perpetration of the crime of which that person has been convicted."  In *People v. Lewis* (2004) 120 Cal.App.4th 837, 853 (*Lewis*), the court interpreted section 1203(e)(3) as requiring that the defendant "intend[ed] to cause great bodily injury or torture, not merely that the crime resulted in great bodily injury or torture." This interpretation, the court determined, "is supported by a comparison of its language with that of the enhancement for the infliction of great bodily injury contained in section 12022.7, subdivision (a)."  (*Lewis*, at p. 853.) "Section 12022.7 requires a person 'personally inflict great bodily injury' on another in the commission . . . of a felony.  Unlike section 1203(e)(3), it does

8

not require that the infliction be willful" and "require[s] only a general criminal intent, i.e., the defendant need not intend great bodily injury result, the only intent required is that for the underlying felony.  [Citations.]" (*Lewis*, at p. 853, fn. omitted.)

Defendant asserts that under *Lewis*, in order for him to be presumptively ineligible for probation under section 1203(e)(3), the trial court was required to find that he intended to inflict great bodily injury.  No such finding was made here, as defendant contends.  Instead, the court found defendant was presumptively eligible for probation "because it's been found true that he personally inflicted great bodily injury on a human being."  But under the reasoning of *Lewis*, a true finding on the great bodily injury enhancement under section 12022.7, subdivision (a), by itself, is insufficient to establish the requisite intent to support application of section 1203(e)(3). (See *Lewis*, *supra*, 120 Cal.App.4th at p. 853.)  Likewise, defendant's admission that he "willfully . . . assaulted" the shooting victim as part of his plea did not establish he willfully intended to inflict great bodily injury, contrary to the People's assertion otherwise.  As the People concede, "[a]s with any case of assault, a defendant is not required to act with the intent to inflict such injury."  (See *People v. Covino* (1980) 100 Cal.App.3d 660, 667.)

But even if the court erred as defendant asserts, we agree with the People that a remand for a new sentencing hearing is not required because it is not reasonably probable the court would have granted probation but for the error.  (See *People v. Weaver* (2007) 149 Cal.App.4th 1301, 1318–1319, disapproved on another ground in *People v. Cook* (2015) 60 Cal.4th 922, 927, 939; *People v. Coelho* (2001) 89 Cal.App.4th 861, 889 [it would be an "idle act" to remand for resentencing if it is not reasonably probable the court would impose a different sentence].)

9

As the People note, the trial court denied probation not only on the ground that defendant was presumptively ineligible for probation, but also on the ground that he was not suitable for probation under rule 4.414 even if he were eligible. Specifically, the court found, consistent with the probation report, that the assault was as serious as other instances of assault (rule 4.414(a)(1)); defendant was armed with a weapon (rule 4.414(a)(2)); he inflicted physical injury on the victim (rule 4.414(a)(4)); he was an active participant (rule 4.414(a)(6)); and the crime was not committed because of an unusual circumstance such as great provocation, which is unlikely to recur (rule 4.414(a)(7)). The court also found defendant had a prior criminal record as a juvenile and that the prior crimes were recent, frequent, and increasing in seriousness (rule 4.414(b)(1)); his prior performance on probation was poor (rule 4.414(b)(2)); his willingness and ability to comply with the terms of probation were also poor (rule 4.414(b)(3), (4)); and the likelihood he would be a danger to others if not imprisoned was substantial (rule 4.414(b)(8)). Defendant does not challenge these findings, and in any event, we conclude such findings were within the court's discretion.

Because the trial court alternatively found probation should be denied under rule 4.414, any error in relation to its finding that defendant was presumptively ineligible for probation was harmless. Accordingly, we decline to remand for a new sentencing hearing. (See *People v. Brigham* (1945) 72 Cal.App.2d 1, 8 [affirming denial of probation because trial court provided other unchallenged reasons for denial]; cf. *People v. Price* (1991) 1 Cal.4th 324, 492 ["When a trial court has given both proper and improper reasons for a sentence choice, a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper"], superseded by statute

10

on other grounds as stated in *People v. Hinks* (1997) 58 Cal.App.4th 1157, 1161–1162; *People v. Coelho*, *supra*, 89 Cal.App.4th at pp. 889–890 [declining to remand matter for resentencing hearing where trial court indicated it would impose consecutive terms, even if not mandatory, and "the record reflects numerous grounds to support consecutive sentences, any one of which would be sufficient by itself"].)

## DISPOSITION

The judgment is affirmed.

11

_____
Richman, Acting P. J.


We concur:


_____
Miller, J.


_____
Mayfield, J. *


*People v. Brogdon* (A167875)

*Superior Court of Mendocino County, Judge Cindee Mayfield, sitting as assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12