Filed 8/6/24  P. v. Shaw CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDREW TYLER SHAW,<br><br>    Defendant and Appellant. | A169343<br><br>(Del Norte County<br>Superior Court<br>No. CRF23-9323) |

Appellant Andrew Tyler Shaw (appellant) appeals from the judgment entered following his guilty plea to possession of a belt buckle knife (Pen. Code, § 20410).[1]  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  We have reviewed the record, find no arguable issues, and affirm.

## BACKGROUND

In July 2023, the District Attorney for the County of Del Norte filed a criminal complaint charging appellant with felony possession of a belt buckle knife (§ 20410); misdemeanor removing or possessing a shopping cart (Bus. &

---

[1] All undesignated statutory references are to the Penal Code.

Prof. Code, § 22435.1); misdemeanor prowling (§ 647, subd. (h)); misdemeanor carrying a switchblade knife (§ 21510, subd.(b)); misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)); and misdemeanor possession of paraphernalia (Health & Saf. Code, § 11354, subd. (a)).[2]

In August 2023, appellant entered a plea of guilty to possession of a belt buckle knife pursuant to an agreement to be placed on probation. The remaining charges were dismissed with a *Harvey* waiver.[3] Appellant was released from custody on a *Cruz* waiver.[4] The waiver required appellant to obey all laws, report to the probation department upon his release, and to appear in court on September 14, 2023.

Appellant failed to contact the probation department. Appellant also failed to appear in court on September 14, 2023. The probation department recommended that the trial court sentence appellant to a term in custody.

At the October 2023 sentencing hearing, the prosecutor argued appellant should be sentenced to the low term. Defense counsel

---

[2] According to the presentence report, appellant was arrested in June 2023 after a police officer saw him pushing a shopping cart. A search of appellant's person and property disclosed a small amount of methamphetamine, paraphernalia, a switch blade knife, and a "belt knife."

[3] "A *Harvey* waiver is a defendant's agreement, as part of a plea bargain, to allow the sentencing court to consider facts supporting dismissed counts." (*People v. Brooks* (2017) 15 Cal.App.5th 331, 334, fn. 3, citing *People v. Harvey* (1979) 25 Cal.3d 754.)

[4] "A '*Cruz* waiver' gives a trial court the power to 'withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term,' if the defendant willfully fails to appear for sentencing." (*People v. Puente* (2008) 165 Cal.App.4th 1143, 1146, fn. 3, quoting *People v Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5.)

acknowledged there had been a "clear *Cruz* waiver violation." The trial court rejected the defense counsel's suggestion of a split sentence,[5] observing, "So I think there's clear evidence that [appellant] is not a good candidate for supervision. So I would determine that for those reasons that a split sentence would not be . . . appropriate. It's just a straight sentence." The court sentenced appellant to the low term of 16 months, with credit for time served.[6]

## DISCUSSION

Appellant's guilty plea restricts the scope of the appeal before us. Because he did not obtain a certificate of probable cause, his appeal is limited to "postplea claims, including sentencing issues, that do not challenge the validity of the plea." (*People v. Cuevas* (2008) 44 Cal.4th 374, 379.)

We have reviewed the entire record and have found no arguable appellate issues. Appellant was sentenced following violation of the terms of his *Cruz* waiver. At the time of the plea, the trial court scheduled sentencing for September 14, 2023; told appellant he was being "released on what's called a *Cruz* waiver;" and asked appellant if he knew what that was. Appellant said it had been explained to him previously, and the court explained, "What it means is that I'm going to release you on certain terms and conditions, and if you violate any of those terms and conditions" the

---

[5] " 'Instead of a final judgment,' the split sentence 'opens the door to two separate phases' for defendant, the time spent in the county jail and the period of mandatory supervision. [Citation.] During mandatory supervision, 'the court retains the power to' revoke or modify the mandatory supervision and sentence defendant to imprisonment in the county jail." (*People v. Conatser* (2020) 53 Cal.App.5th 1223, 1229.)

[6] The trial court imposed fines totaling $1,190 but subsequently reduced the total to $370.

agreement to probation "is off the table, and you would be subject up to the maximum potential penalty." Appellant said he understood, and the trial court told him that the "terms and conditions are that you obey all laws," "make an appointment with the probation department for a presentence evaluation, and . . . keep all appointments as scheduled with the probation department, and . . . appear in court when directed by the court or by your counsel."

Due to the *Cruz* waiver and appellant's failure to contact probation or appear at the sentencing hearing, the trial court was not bound by the plea agreement. (*People v. Cruz, supra*, 44 Cal.3d at p. 1254, fn. 5; *People v. Masloski* (2001) 25 Cal.4th 1212, 1222–1223.) The sentence imposed by the court was proper, as were the fines and assessments.

Appellate counsel advised appellant of his right to file a supplemental brief to bring to this court's attention any issue he believes deserves review. (See *People v. Kelly* (2006) 40 Cal.4th 106.) Appellant did not file a supplemental brief. There are no legal issues that require further briefing.

DISPOSITION

The trial court's judgment is affirmed.


SIMONS, J.

We concur.


JACKSON, P. J.
CHOU, J.




(A169343)

4